# Exhibit A-1

# Amended and Restated Limited Partnership Agreement

of

## Cantor Index Holdings, L.P.

This Amended and Restated Limited Partnership Agreement (this "Agreement") of Cantor Index Holdings, L.P. (the "Partnership"), dated as of January 1, 2002, is adopted and agreed to by and among CIHLP II LLC, a Delaware limited liability company ("Cantor"), Refco Group Ltd., LLC, a Delaware limited liability company ("Refco" and together with Cantor, the "Limited Partners"), and CIHLP LLC, a Delaware limited liability company (the "General Partner"). The General Partner and the Limited Partners are sometimes collectively referred to as the "Partners."

WHEREAS, Cantor's parent, as limited partner, and the general partner of the Partnership (the "Original Partners") entered into a Limited Partnership Agreement for the Partnership on February 22, 2001 (the "Original Limited Partnership Agreement");

WHEREAS, Cantor and the General Partner desire to admit Refco as a new Partner of the Partnership; and

WHEREAS, the Original Limited Partnership Agreement is hereby amended and restated to reflect the admission of Refco to the Partnership.

NOW, THEREFOR, the parties hereto agree as follows:

## ARTICLE I.

### Purpose and Powers

1.01   Purpose. The Partnership has been formed to:

(a)   Own, operate, develop and invest in businesses which are connected with, or involved in, games, gaming, betting, lotteries, contracts for differences, futures, options and financial and commodity products (the "Products").

(b)   Realize the income and gains to be derived from the Products, for the mutual benefit of the Partners; and

(c)   To engage in any other lawful business activity related or incident thereto.

1.02   Powers. The Partnership shall have the power and authority to enter into, make and perform all contracts, agreements and undertakings, and to do any and all acts and things

necessary, appropriate, incidental or convenient to the accomplishment of its purposes and for the protection and benefit of the Partnership.

1.03 Formation. Cantor's parent and the general partner of the Partnership formed the Partnership on February 22, 2001, and have added Refco as a Partner and hereby join as Partners of the Partnership, a limited partnership formed pursuant to the provisions of the Delaware Revised Uniform Limited Partnership Act (the "Act") in accordance with this Agreement.

1.04 Partnership Name. The name of the Partnership is "Cantor Index Holdings, L.P.", and all Partnership business must be conducted in that name or such other names as may be selected by the General Partner and that comply with applicable law.

1.05 Registered Office and Agent for Service of Process. The registered office and registered agent of the Partnership in the State of Delaware shall be as specified in the Certificate of Limited Partnership or as designated by the General Partner in the manner provided by applicable law.

1.06 Place of Business. The principal place of business of the Partnership shall be at such places as the General Partner shall determine from time to time.

1.07 Foreign Qualification. Prior to the Partnership conducting business in any jurisdiction other than the State of Delaware, the General Partner shall cause the Partnership to comply with all requirements necessary to qualify the Partnership as a foreign limited partnership in that jurisdiction.

1.08 Fiscal Year. The fiscal year ("Fiscal Year") of the Partnership shall end on December 31 of each year.

1.09 Authority and Liability of Limited Partners. The Limited Partners shall take no part in the management or control of the business and affairs of the Partnership and shall have no right or authority to act for or to bind the Partnership or to take part in the conduct or management of the Partnership. No provision of this Agreement shall be interpreted to grant to any Limited Partner the right or power to participate in the control of the business of the Partnership and any provision which has the effect of granting such a right or power to any Limited Partner shall be void. The Limited Partners shall have no personal obligation for the debts and liabilities of the Partnership.

ARTICLE II.

The Partners

2.01 Partners. The name and address of the General Partner, and of each Limited Partner shall be set forth in a schedule of the Partnership to be kept on file at all times at the principal place of business of the Partnership. A Partner may change its address for purposes of this Agreement upon prior written notice to the General Partner.

nydb01 1703513.6 94131984                           2

2.02 *Partnership Interests.* Each Partner's ownership interest in the Partnership (including all of such Partner's rights, benefits and privileges, and obligations, duties and liabilities, in each case under the Act, this Agreement or otherwise in its capacity as a Partner) is herein referred to generally as a "Partnership Interest." The respective rights of each Partner to share in the Partnership's assets, either by way of distributions or on liquidation, and each Partner's interest in the profits and losses of the Partnership, will be determined as provided in Articles IV and VIII. Each Partner shall have the rights and powers set forth in this Agreement.

2.03 *Issuance of New Partnership Interests.*

(a) Refco is hereby admitted as a Limited Partner as of the date hereof.

(b) Except as provided in Article V with respect to the admission to the Partnership of Permissible Transferees (as defined in Section 5.02), new Limited Partners may be admitted to the Partnership upon the approval of the General Partner and satisfaction of, or waiver, if applicable, by the General Partner of, the requirements set forth in this Section 2.03; *provided, however,* that the Partnership shall not issue any Limited Partnership Interests at a valuation for the Partnership of less than $80,000,000 prior to December 31, 2002, except if approved by all Partners, approval not to be unreasonably withheld. As a condition to its admission as a Limited Partner, each Limited Partner shall duly execute and deliver to the Partnership a copy of this Agreement, as the same may be amended, modified or supplemented from time to time in accordance with the terms thereof (which requirement may not be waived by the General Partner) and the following agreements: (i) a Subscription Agreement with the Partnership relating to such Limited Partner's initial investment in the Partnership and (ii) such other agreements as the General Partner deems advisable, each to be in form and substance reasonably acceptable to the General Partner.

## ARTICLE III.

### Management of the Partnership

3.01 *Actions of the General Partner.* Except as expressly provided by the Act or in this Agreement, the General Partner shall have the sole power to make management decisions on behalf of the Partnership and to exercise the powers set forth in Section 3.02. The General Partner may appoint such agents of the Partnership as it deems necessary who shall hold such offices and shall, under the direction of the General Partner, exercise such powers of the General Partner in the management of the Partnership and perform such duties in connection therewith as shall be determined from time to time by the General Partner in good faith to be necessary or appropriate to conduct the business of the Partnership and be in the best interest of the Partnership. The General Partner shall devote so much of its time and efforts to the affairs of the Partnership as may, in its judgment, be necessary to accomplish the objectives of the Partnership.

3.02 *Powers of the General Partner.* The General Partner, subject to the restrictions herein contained, shall have the power on behalf of the Partnership:

nydocs1 170351324 v4\31\984

3

PAGE 4/26 * RCVD AT 5/23/2007 10:45:22 AM [Central Daylight Time] * SVR:CHI2KRF01/22 * DNIS:4777 * CSID: * DURATION (mm-ss):09-24

(a) To enter into, make and perform all contracts, agreements and undertakings, and to do any and all acts and things necessary, appropriate, incidental or convenient to the accomplishment of its purposes and for the protection and benefit of the Partnership;

(b) To retain subadvisers, at the Partnership's expense, to provide research, specialized expertise and/or discretionary account management; and

(c) To act for the Partnership in all other matters.

3.03   Actions Requiring Unanimous Consent. Notwithstanding any other provision of this Agreement, no action will be taken by the General Partner with respect to or within the scope of any of the decisions or actions specified below in relation to the Partnership unless such decision or action shall have first been approved unanimously by all of the Partners:

(a) Commencing any judicial proceedings, or taking any other action, to wind up, dissolve or liquidate the Partnership;

(b) Filing a voluntary petition for bankruptcy of the Partnership, or make an assignment for the benefit of creditors, or consent to the appointment of a receiver for the assets of the Partnership or any subsidiary; and

(c) Selling all, or substantially all, of the business or assets of the Partnership or Hollywood Stock Exchange, LLC.

3.04   Limitation of Liability; Indemnification.

(a) The liability of the General Partner is hereby limited to the fullest extent permitted by the Act, except that such liability shall not be limited to the extent that a court of competent jurisdiction, upon entry of a final judgment or other final adjudication, finds that the act or omission of the General Partner (1) is attributable to the General Partner's fraud, willful misconduct, gross negligence or breach of duty, (2) was the result of active and deliberate dishonesty or (3) was clearly outside the scope of authority granted to the General Partner under this Agreement or any other agreement to which the General Partner is a party in its capacity as general partner of the Partnership. Acts or omissions done in reliance upon the opinion of independent legal counsel or public accountant selected with the exercise of reasonable care by the General Partner on behalf of the Partnership shall be conclusively presumed not to constitute fraud, intentional misconduct or gross negligence.

(b) The business and affairs of the Partnership shall be managed and controlled by or under the direction of the General Partner, who may exercise in good faith all such powers on behalf of the Partners and do all such lawful acts and things as are not by law or by this Agreement directed or required to be exercised or done by the Partners.

(c) In connection with the determination of any and all matters presented to the General Partner for action, and consistent with its duties and responsibilities as General

ny-860 1703531324 94131984

4

PAGE 5/26 * RCVD AT 5/23/2007 10:45:22 AM [Central Daylight Time] * SVR:CHI2KRF01/22 * DNIS:4777 * CSID: * DURATION (mm-ss):09-24