

Francis X. Riley, III
Phone: (609) 452-3150
Fax: (609) 514-3744
friley@saul.com
www.saul.com

December 5, 2014

**Via CM/ECF**
Honorable Henry B. Pitman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *Refco Group, Ltd. v. Cantor Fitzgerald, L.P. et al*
             C.A. No. 1:13-cv-01654 (RA/HBP)

Dear Judge Pitman:

    Saul Ewing LLP represents the Defendants in the above-referenced matter. Please accept this letter in lieu of a formal motion for clarification or reconsideration of a portion of Your Honor's Order dated November 24, 2014 (the "Order").

    The Order expressly limited discovery to only those three claims that were based on the 2006 License Agreement, the 2010 Asset Purchase Agreement and the 2011 License Agreement (the "Surviving Transactions"). *See Order at pg. 1; see also Transcript of November 14, 2014 Hearing at 31:22-24; 32:1-6* ("discovery is properly limited to the three transactions that survive the motion to dismiss and material related to those three transactions," and that "to the extent that [RGL] is seeking to get discovery regarding transactions that go beyond those three transactions, … [RGL] is really seeking to take discovery to see if a claim exists, which is contrary to the law of this circuit."). Notwithstanding this express limitation, the Order requires Defendants to respond to Plaintiff's Document Request No. 11, which seeks "All Documents and Communications Concerning the 2013 Valuation." The Order states that Document Demand #11, along with #12-14, were the same documents sought by Plaintiff's subpoena to Ernst & Young LLP (the "E&Y Subpoena") and are relevant for the reasons set forth in Your October 24, 2014 Opinion and Order. Respectfully, this is not accurate.

    The "2013 Valuation" is defined by Plaintiff's Document Demands to mean "the valuation performed by Grant Thornton of Cantor Index Limited's contracts for difference and financial spread betting businesses, dated May 14, 2013, and any drafts, exhibits, amendments, or comments thereto." The sale of CIL's "contracts for difference and financial spread betting

Marc A. Citron • Princeton Managing Partner
650 College Road East, Suite 4000 ♦ Princeton, NJ 08540-6603 ♦ Phone: (609) 452-3100 ♦ Fax: (609) 452-3122

DELAWARE   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

businesses" were encompassed within Plaintiff's claims relating to the alleged transfer of all the remaining trading activity of CIL to CFE. These claims were dismissed pursuant to Judge Abram's June 10, 2014 Decision and do not relate to the Surviving Transactions. *See Docket Entry 39, the June 10, 2014 Order and Decision from the Honorable Ronnie Abrams, pgs. 35 and 79.* In addition, the 2013 Valuation is not the subject of the E&Y Subpoena and therefore, does not fall within the purview of Your Honor's October 24, 2014 Order.[1] As such, Document Demand #11 falls outside the limited scope of discovery set forth by the Order and Defendants respectfully request that Your Honor clarify or reconsider the Order requiring Defendants to respond to Document Demand #11.

Similarly, the Order requires Defendants to respond to Document Demands #12-14 which seek **any and all documents and communications** without limitation concerning the IPO, the S-1 and S-1 Amended, and the status of any SEC proceedings concerning the IPO, S-1, or S-1 Amended Filing. These expansive requests include documents and information which far exceed the discovery limitations set forth in the Order. For example, the production of all documents and communications concerning the IPO, the S-1 and S-1 Amended and any related SEC proceedings will include materials and information related to irrelevant technology and business lines which are unrelated to the remaining transactions, along with financial and corporate information relating to entities who were not involved in any of the remaining transactions. Further, all documents responsive to #12-14 relating to the IPO, S-1, the S-1 Amended Filing and the SEC proceedings have been produced by E&Y. Thus, any production by Defendants is duplicative.

As such, Defendants respectfully request Your Honor reconsider the portion of the Order requiring Defendants to respond to Document Demands #12-14. In the alternative, Defendants request Your Honor limit Defendants' responses to only those documents which relate to the three remaining transactions, any technology involved in these transactions, the financial impact of these three transactions both before and after the transfers, and any communications regarding the same. This restriction will assist both parties in streamlining and restricting the production to only those issues which remain at issue in this litigation.

On December 2, 2014, I attempted to meet and confer with Plaintiff's counsel on the issues associated with the above-referenced Document Demands and in an effort to find common ground on these requests. However, Plaintiff's counsel advised he could not provide any response until after December 8, 2014, which is past the deadline for filing a request for reconsideration. As a result, Defendants respectfully request Your Honor's assistance in clarifying or reconsidering the issues set forth herein.

---

[1] The E&Y Subpoena sought only documents and communications "concerning the auditing of any financial statement of Cantor G&W (Nevada) conducted by Ernst & Young…[and] the IPO."

Thank you for your time and attention to this matter.

Respectfully submitted,

*s/Francis X Riley III*
FRANCIS X. RILEY III

cc:    All Counsel (via ECF)