

**Grant & Eisenhofer P.A.**

123 Justison Street   Wilmington, DE 19801   Tel: 302-622-7000   Fax: 302-622-7100

485 Lexington Avenue
New York, NY 10017
Tel: 646-722-8500
Fax: 646-722-8501

30 N. LaSalle Street, Suite 2350
Chicago, IL 60602
Tel: 312-214-0000
Fax: 312-214-0001

WRITER'S DIRECT DIAL NUMBER

(302) 622-7040

January 12, 2016

**VIA ECF**
Honorable Henry B. Pitman
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:  *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P., et al.*, C.A. No. 1:13-cv-01654-RA-HBP
        *Marc S. Kirschner as Trustee of the Refco Litigation Trust v. CIHLP LLC, et al.*, No. 1:15-cv-08189-RA-HBP

Dear Judge Pitman:

    We represent Plaintiff Refco Group Ltd., LLC ("RGL") in the above-referenced action, *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P. et al.*, C.A. No. 1:13-cv-01654-RA (the "Derivative Action") and Plaintiff Marc S. Kirschner, as Trustee of the Refco Litigation Trust ("the Litigation Trust") in the second above-referenced action, *Marc S. Kirschner, as Trustee of the Refco Litigation Trust v. CIHLP LLC, et al.*, C.A. No. 1:15-CV-08189 (the "Direct Action"). On January 7, 2016, Judge Ronnie Abrams accepted the Direct Action as related to the Derivative Action, and referred the Direct Action to Your Honor. I write to respectfully request that the Court hold a conference to address scheduling in both actions. Some procedural background might provide context.

    With respect to the Derivative Action, on December 30, 2014, the Court entered an Amended Case Management Plan and Scheduling Order (ECF # 88). That scheduling order did not set forth specific calendar dates but, rather, pegged deadlines off of the date that the defendants' challenges to RGL's filing of a proposed second amended complaint are finally resolved. On December 17, 2015, Judge Abrams finally resolved those challenges and ruled that RGL may file its proposed complaint, which RGL did on December 23, 2015 (ECF # 123). I thereafter forwarded to defendants' counsel a proposed Second Amended Case Management Plan and Scheduling Order. A copy of that proposed scheduling order is attached as ***Exhibit A***. The proposed order sets forth specific calendar dates for the deadlines established in Your Honor's December 30, 2014 Scheduling Order. On January 7, 2016, the defendants in the Derivative Action filed a partial motion to dismiss. (ECF # 130). Counsel for defendants has informed me that it is defendants' position that all discovery should be stayed during the

The Honorable Henry Pitman
January 12, 2016
Page 2

pendency of that motion. RGL's position is that the issues that defendants raise in their motion to dismiss have already been addressed in regard to their Rule 72(a) Objections to Your Honor's July 6, 2015 Order (ECF # 101), and that there should be no further delay to re-starting fact discovery and moving the case forward expeditiously. Given the parties' opposing views on this matter, we respectfully request a scheduling conference to address RGL's proposed Second Amended Case Management Plan and Scheduling Order.

With respect to the Direct Action, on December 23, 2015, I proposed to counsel for defendants in that action that the parties prepare a Case Management Plan and Scheduling Order to present to the Court. On January 5, 2016, defendants in that action filed a motion to dismiss (ECF # 15). Counsel for defendants has informed me that it is defendants' position that all discovery should be stayed in light of the pendency of the motion to dismiss. RGL's position is that the Direct Action is a straight forward breach of contract case, and that, in any event, the issues raised in defendants' motion to dismiss are all factual issues that cannot be resolved on a Rule 12 motion. RGL respectfully requests that the Court schedule a Rule 16 scheduling conference. RGL believes that the actions should not be consolidated, but that discovery in both actions should be coordinated. RGL is prepared to present a case management plan and scheduling order for the Direct Action that directly mirrors the dates set forth in RGL's proposed Second Amended Scheduling Order for the Derivative Action.

We are available at the Court's convenience should Your Honor have any questions concerning the above.

Respectfully submitted,

/s/ Geoffrey C. Jarvis
Geoffrey C. Jarvis

*Counsel for Plaintiff Refco Group Ltd, LLC (13-cv-1654-RA-HBP) and for Plaintiff Marc S. Kirschner as Trustee of the Refco Litigation Trust (15-cv-8189-RA-HBP)*

Enclosure
cc: All Counsel